**The LAREDO ROAD CO., Plaintiff,**

v.

**MAVERICK COUNTY, TEXAS Defendant.**

**No. CIV. DR–05–CA–18–AML.**

United States District Court, W.D. Texas, Del Rio Division.

July 25, 2005.

Gerald E. Hopkins, Langtry, TX, for Plaintiff.

Portia Fleck Bosse, Allison, Bass & Associates L.L.P., Austin, TX, for Defendant.

## *ORDER*

LUDLUM, District Judge.

Pending before the Court in the above-styled and numbered cause is the Plaintiff's "Motion For Partial Summary Judgement." Pursuant to FED. R. CIV. P. 56, the Plaintiff moves for partial summary judgment on the following grounds:

1) failure of the Defendant to define the business it wishes to regulate;

2) no provision for amortization, thus making the Defendant's regulation a "taking" under the Fifth and Fourteenth Amendments;

3) the unconstitutional licensing scheme of the Defendant's Order; and

4) no factual basis or specific findings by the Defendant as to any secondary effects associated with Sexually Oriented Businesses ("SOBs").

(*See* Pl. Mot. For Partial Summ. J. (Docket Entry # 27.))

■ The Supreme Court has instructed that:

[i]n our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A court must "review the evidence and inferences to be drawn therefrom in the light most favorable to the non-moving party." *Lemelle v. Universal Mfg. Corp.,* 18 F.3d 1268, 1272 (5th Cir.1994). Furthermore, and in accordance with FED. R. CIV. P. 65(a)(2), any evidence that was introduced at the preliminary injunction hearing becomes part of the record and need not be reintroduced into the record.

■ After reviewing all of the evidence before it, in the light most favorable to the non-moving Defendant, the Court concludes that the Plaintiff is entitled to partial summary judgement on its third ground that the Defendant's licensing scheme is unconstitutional. The Court, in its order granting the preliminary injunction, determined that the Defendant's Order, on its face, did encompass an unconstitutional licensing scheme. (*See* Order Granting Prelim. Inj. at 18–19 (Docket Entry # 45.)) There is no genuine issue of material fact regarding the provisions in the Defendant's Order for obtaining a license to operate an SOB, and as a matter of law, the Plaintiff is entitled to judgment on that specific issue. However, there are genuine issues of material fact that need to be further developed and addressed regarding the Plaintiff's three remaining grounds for summary judgment. At this point, the record is not developed to entitle the Plaintiff to judgment as a matter of law on those three remaining grounds.

It is hereby **ORDERED** that the Plaintiff's motion for partial summary judgment is **GRANTED** as to the Plaintiff's third ground that the Defendant's licensing scheme is unconstitutional and **DENIED** as to the three remaining grounds.